[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 24, 2010
JOHN LEY
CLERK

No. 09-16242
Non-Argument Calendar

_____

D. C. Docket No. 09-20860-CV-CMA

CLAUDIA POPESCU, individually
and as personal representative
of the Estate of George Popescu,
deceased,

Plaintiff-Appellant,

versus

CMA-CGM,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 24, 2010)

Before BLACK, HULL and FAY, Circuit Judges.

PER CURIAM:

Appellant-plaintiff Claudia Popescu brought this wrongful death action on behalf of herself, individually, and as the personal representative of the estate of her deceased husband, George Popescu. Claudia Popescu's wrongful death action was filed against Defendant CMA CGM, a French corporation, in the Southern District of Florida, alleging claims of negligence under the Jones Act, 46 U.S.C. § 30104, the Death on the High Seas Act, 46 U.S.C. §§ 30301-08, and general maritime law of the United States.

Defendant CMA CGM hired George Popescu, a Romanian citizen, to work as a seaman aboard a container ship, the RIGOLETTO, that CMA CGM operated. The RIGOLETTO is owned by a French corporation, flies a French flag and sails the Northwestern-Europe-to-Southeast-Asia trade route. While the RIGOLETTO was moored at Port Kelang, Malaysia, a mooring line snapped and hit George Popescu in the head. Popescu was taken to a Malaysian hospital, where he died the following day. Claudia Popescu is also a Romanian citizen and resides in Romania.

CMA CGM moved to dismiss Claudia Popescu's action on forum non conveniens grounds, arguing that the action had no connection to any of CMA CGM's contacts with the United States and that France and Romania provided more appropriate fora for Popsecu to pursue her claims. The district court granted

2

CMA CGM's motion to dismiss, concluding that Claudia Popescu had not shown that the United States was a proper forum.

The district court noted that the parties did not dispute that the first seven Lauritzen-Rhoditis factors weighed against the application of the United States maritime law.[1] The district court then determined that the last, disputed factor — whether the vessel or its operator had a "substantial base of operations" in the United States — also weighed against application of United States law. The district court found that: (1) the RIGOLETTO had no contact with the United States; and (2) CMA CGM's contacts with the United States were insufficient to constitute a substantial base of operations. In evaluating CMA CGM's U.S. contacts, the district court refused to consider the business operations of CMA CGM's U.S. subsidiaries and agents because Popescu had not made the prerequisite showing for piercing the corporate veil. The district court concluded that United States maritime law should not apply and that traditional forum non conveniens considerations indicated that France and Romania were more appropriate fora. The district court dismissed Claudia Popescu's complaint without prejudice.

---

[1]Lauritzen v. Larsen, 345 U.S. 571, 73 S. Ct. 921 (1953); Hellenic Lines Ltd. v. Rhoditis, 398 U.S. 306, 90 S. Ct. 1731 (1970).

After review, we affirm the district court's dismissal for the reasons stated in the district court's thorough and well-reasoned order filed on November 5, 2009. We conclude that the district court's factual findings were not clearly erroneous, that the district court correctly applied the law of this circuit and that the district court did not abuse its discretion in granting CMA CGM's motion to dismiss based on forum non conveniens. See Szulmlicz v. Norwegian Am. Line, Inc., 698 F.2d 1192, 1196 (11th Cir. 1983).

**AFFIRMED.**